Filed 7/14/15  In re Rosemary D. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re Rosemary D., a Person Coming Under the Juvenile Court Law. | B259831<br>(Los Angeles County Super. Ct. No. CK56302) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>Thomas D.,<br><br>  Defendant and Appellant. | |

APPEAL from orders of the Superior Court of the County of Los Angeles, Julie F. Blackshaw, Judge.  Dismissed in part and affirmed in part.

Jarrette & Walmsley and Robert R. Walmsley, under appointment by the Court of Appeal, for Defendant and Appellant.

Mark J. Saladino, County Counsel, Dawyn R. Harrison, Assistant County Counsel, Aileen Wong, Deputy County Counsel, for Plaintiff and Respondent.

_____

The dependency court found 13-year-old Rosemary D. to be a minor described by Welfare and Institutions Code section 300, subdivision (b),[1] based on two separate counts. The first count alleged that Rosemary suffers from emotional problems and substance abuse, and that her father's failure to take her to scheduled psychiatric appointments and drug dependency counseling constituted medical neglect, placing her at risk of harm. The second count alleged father placed Rosemary at risk of harm by taking her to relatives' homes where father knew or should have known the residents possessed, used, and were under the influence of, marijuana. Father appeals the court's order sustaining the second count only. He also challenges the dispositional order removing Rosemary from parental custody.

Father's appeal of a single jurisdictional finding is not justiciable, because even if we conclude the court erred in sustaining the second count, jurisdiction will still exist based on the remaining count. We affirm the court's dispositional order, because it is supported by substantial evidence.

### FACTUAL AND PROCEDURAL BACKGROUND

Rosemary was born in 2001, and the Los Angeles County Department of Children and Family Services (Department) first became involved with Rosemary's family in 2004, when the Department filed a petition based on mother's mental illness and her inability to care for Rosemary.[2] The prior dependency case was resolved in 2006, with an exit order granting father sole legal and physical custody of Rosemary. Father has an extensive criminal history, with convictions for misdemeanor and felony offenses such as

---

[1] All statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

[2] Mother did not appear in the current proceedings before the dependency court, nor is she a party to the current appeal.

burglary, possession of narcotics for sale, and firearm possession by a felon, but all convictions predate Rosemary's birth.

The Department received a large number of additional referrals expressing concerns about sexualized behavior by Rosemary, as well as Rosemary being the victim of physical abuse and neglect, including exposure to drug and alcohol use, by father and a woman referred to as Rosemary's stepmother.[3] Each referral was closed as inconclusive or unsubstantiated. The referrals from January, March, and April 2014, express increasing concern with Rosemary's behavior and her mental and emotional status, noting that father had failed to take Rosemary to two scheduled appointments with a psychiatrist in February and March 2014, as well as continued exposure to drug use.

Rosemary reported she started smoking marijuana when she was seven years old. Her stepmother threatened to kill her if she did not smoke. Rosemary said she smoked every night she stayed with her stepmother, and that her friends at school now just give her marijuana when she asks for it. Rosemary was caught smoking marijuana at school twice and having it in her possession three times. In February 2014, Rosemary was sent to the office after a pill fell out of her pocket and she refused to identify it. After several acts of defiance, she used a pencil to stab a school staff member in the stomach. She was arrested and charged with three felony counts of assault and battery.

Rosemary has lived off and on with distant maternal cousins who she refers to as her "grandma" (Lillie J.) and "aunt" (Jan R.). Until March 2014, Rosemary lived with grandma Lillie and aunt Jan during the week, and stayed with her father on weekends. Lillie and Jan both complained to the Department that father has been uncooperative with ensuring Rosemary's medical needs are met, in part because when they would ask him to sign medical consent forms, he would not. In March 2014, Rosemary's behavior became too much for Lillie and Jan to handle, and she began living with her father. Rosemary was attending a continuation school, where the principal has said father does not want

---

[3] It appears that the woman is no longer Rosemary's stepmother, but father now has a girlfriend.

anything to do with Rosemary and does not want to be her father. Father would sometimes lose patience with Rosemary and refuse to pick her up from school until Lillie or Jan threatened to call the police or the Department.

The psychiatrist who has seen Rosemary since September 2012 reported that Rosemary was doing well when she was in Lillie and Jan's care, but when the psychiatrist first met father in November 2013, father was unable to provide basic information about Rosemary, such as who took her to school. Father did not bring Rosemary to scheduled psychiatric appointments on March 3, 2014, and April 28, 2014, and told the psychiatrist on March 24, 2014, that Rosemary had been "kicked out" of her grandmother's home because of her behavior. He also told the psychiatrist Rosemary was stealing his pornography and condoms and he wanted to know how to get her into a group home so she would not be on the streets. The psychiatrist felt that father lacked the ability to parent, and Rosemary did better while in Lillie and Jan's care. Rosemary also missed a few weeks of chemical dependency counseling during the spring of 2014.

Rosemary missed two court dates in April 2014 for the juvenile delinquency case arising from the school stabbing and felony charges. A bench warrant was issued for her arrest after she failed to appear on April 21, 2014.

On June 14, 2014, the Department filed a petition seeking to have Rosemary declared a minor described by section 300, subdivision (b), and the court issued an order authorizing her detention from father's home, but granted father limited unmonitored visitation. Rosemary was initially placed with Lillie, but was later moved to a group home after Lillie had to call the police on several occasions because of Rosemary's aggressive behavior. Rosemary was refusing to take her medications or go to school, and she was seen playing with fire and trying to smoke coffee and oregano leaves. The Department noted that it was not possible to place Rosemary in a foster or lower level group home because she had been charged with three felony counts in connection with the school stabbing.

At the jurisdictional hearing on October 1, 2014, the court received the Department's reports into evidence and heard argument from all attorneys. It then

4

sustained counts b-1 and b-2 against father, finding his inability to provide regular care and supervision to Rosemary placed her at risk of physical harm and damage.

The parties requested to continue the disposition hearing to conduct a team decision-making meeting, but the court proceeded with disposition. It found by clear and convincing evidence under section 361, subdivision (c), there would be a substantial risk to Rosemary if she were returned to father, removed her from parental custody, and granted father unmonitored visits and reunification services. Father objected to the case plan, but made no objection to the removal order. Father filed a timely notice of appeal.

## DISCUSSION

### Jurisdictional Findings

Father challenges only the jurisdictional finding based on count b-2, which alleged he took Rosemary to homes where he should have known she would have access to marijuana. Because father concedes substantial evidence supports the court's jurisdictional findings based on count b-1, regarding his failure to take Rosemary to her psychiatric appointments, we find his appeal of the remaining count to be nonjusticiable and decline to exercise our discretion to address whether substantial evidence supports the appealed count.

In order for a controversy to be justiciable, the Court of Appeal must be able to grant effective relief, in other words an order or remedy that will have a practical, tangible impact on the legal status of the parties to the appeal. (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1490.) Father concedes that jurisdiction exists based on count b-1, thereby relieving this court of any obligation to consider whether the other count is supported by the evidence, unless he can show what practical tangible impact such review will have. "'When a dependency petition alleges multiple grounds for its assertion that a minor comes within the dependency court's jurisdiction, a reviewing court can affirm the juvenile court's finding of jurisdiction over the minor if any one of

5

the statutory bases for jurisdiction that are enumerated in the petition is supported by substantial evidence.  In such a case, the reviewing court need not consider whether any or all of the other alleged statutory grounds for jurisdiction are supported by the evidence.'  [Citation.]"  (*In re I.J.* (2013) 56 Cal.4th 766, 773.)

In *In re Drake M.* (2012) 211 Cal.App.4th 754, 762, the court explained that it is appropriate to reach the merits of an appealed jurisdictional finding when the finding meets one of several criteria, including whether it "serves as the basis for dispositional orders that are also challenged on appeal."  Here, father argues that without the findings based on count b-2, "it does not reasonably follow that removal from [f]ather's custody was a sustainable disposition."  Because we find substantial evidence supports the court's removal order regardless of whether there was evidence to support the court's jurisdictional finding on count b-2, we need not review that single jurisdictional finding.

**Removal Order**

Father contends there was insufficient evidence to support the dependency court's order removing Rosemary from his custody under section 361, subdivision (c)(1).  We conclude there was no error.

As an initial matter, we disagree with the Department's contention that father's failure to object to the court's removal order forfeited his right to raise the issue on appeal.  A claim that the evidence is insufficient to support a dispositional order is not forfeited even if not raised in the dependency court.  (*In re R.V., Jr.* (2012) 208 Cal.App.4th 837, 848-849.)

We review a dispositional order removing a child from parental custody for substantial evidence.  (*In re D.G.* (2012) 208 Cal.App.4th 1562, 1574.)  In other words, "we look to see if substantial evidence, contradicted or uncontradicted, supports [it]. [Citation.]  In making this determination, we draw all reasonable inferences from the evidence to support the findings and orders of the dependency court; we review the record in the light most favorable to the court's determinations . . . ."  (*In re Heather A.*

6

(1996) 52 Cal.App.4th 183, 193.) Issues of fact and the credibility of witnesses are questions for the trial court. (*In re Carmaleta B.* (1978) 21 Cal.3d 482, 495.) "We do not reweigh the evidence or exercise independent judgment, but merely determine if there are sufficient facts to support the findings of the trial court. [Citations.]" (*In re Matthew S.* (1988) 201 Cal.App.3d 315, 321.) Thus, the pertinent inquiry is whether substantial evidence supports the finding, not whether a contrary finding might have been made. (*In re Dakota H.* (2005) 132 Cal.App.4th 212, 228.)

Under section 361, subdivision (c)(1), a dependent child may not be removed from a parent unless the dependency court finds by clear and convincing evidence "[t]here is or would be a substantial danger to the physical health, safety, protection, or physical or emotional well-being of the minor if the minor were returned home, and there are no reasonable means by which the minor's physical health can be protected without removing the minor from the minor's parent's . . . physical custody." (§ 361, subd. (c)(1).) "'The parent need not be dangerous and the minor need not have been actually harmed before removal is appropriate. The focus of the statute is on averting harm to the child.' [Citation.] The court may consider a parent's past conduct as well as present circumstances. [Citation.]" (*In re N.M.* (2011) 197 Cal.App.4th 159, 169-170.)

We hold that the record contains substantial evidence that Rosemary could not safely remain in father's custody. Multiple sources described father as either incapable or uncooperative. His communications with Rosemary's maternal relatives, her school, and the Department demonstrate either an inability or an unwillingness to take steps to protect his daughter's welfare. When the Department was receiving multiple referrals regarding Rosemary in the spring of 2014, father was uncooperative, stating he did not have time to talk to the social worker for two and a half weeks, and watching television during a scheduled meeting with the social worker. Father also called Rosemary a liar and said he did not want her on medication because it will not change the fact that she lies. While the record does not make it clear why Rosemary failed to appear in court to answer felony charges, it would be reasonable for the court to infer that father is neglecting his duties as

a parent by permitting such a lapse to occur not once, but twice. Taken together, all of this information supports the court's finding that removal was required.

Father points to *In re James T.* (1987) 190 Cal.App.3d 58 and *In re Jeanette S.* (1979) 94 Cal.App.3d 52, 60 to contend the court erred in removing Rosemary without first considering what services could be provided to avoid the need for removal. Father argues that if the Department had provided services such as respite care, transportation, homemaking, family support service, and mental health treatment, it would not have been necessary to remove Rosemary to protect her from potential harm. While there is no evidence the Department formally offered such services to father, it is clear that father was not engaged with the Department in trying to resolve the issues affecting his daughter, and so we reject father's argument.

## DISPOSITION

The portion of father's appeal challenging the court's jurisdictional finding is dismissed, and the court's dispositional order is affirmed.


KRIEGLER, J.


We concur:


TURNER, P. J.


MOSK, J.

8